REUBEN D. NATHAN (SBN 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
Tel. No.: (949) 270-2798
Fax No.: (949) 209-0303

Matthew Righetti {SBN 121012}
matt@righettilaw.com
John Glugoski{SBN 191551}
jglugoski@righettilaw.com
**RIGHETTI GLUGOSKI, PC**
2001 Union St, Suite 400
San Francisco, California 94123
Telephone:  (415) 983-0900

Attorneys for Plaintiffs IGNACIO MACIEL and RUTH TORRES and all similarly situated persons

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO MACIEL, RUTH TORRES, on behalf of themselves and all others similarly situated persons, <br><br><br><br>  Plaintiffs, <br><br>  v. <br><br><br> M.A.C. COSMETICS INC., a New York corporation; and DOES 1–50, inclusive, <br><br><br><br>  Defendants. | CASE NO.:  3:23-CV-03718-AMO <br><br> **CLASS ACTION** <br><br> **SECOND AMENDED COMPLAINT** <br><br> 1.  Failure to Reimburse Business Expenses and Losses (Cal. Labor Code §§ 2800, *et seq*.); <br><br> 2.  Wage Statement Violations; <br><br> 3.  Minimum Wage and Overtime Violations; <br><br> 4.  Wages Upon Separation; <br><br> 5.  Failure to Provide Meal Periods <br><br> 6.  Failure to Authorize and Permit Rest Breaks; and <br><br> 7.  Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) <br><br> **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiffs IGNACIO MACIEL ("MACIEL") and RUTH TORRES ("TORRES") (collectively "Plaintiffs") individually and on behalf of all others similarly situated, bring this civil class action against defendant M.A.C. COSMETICS INC., a New York corporation ("MAC") and DOES 1–50 (collectively, "Defendants"), demanding trial by jury, complaining on information and belief as follows.

2.      Plaintiffs petition this Court to represent and prosecute claims against Defendants in class action proceedings on behalf of all those similarly situated who are residents of the State of California.

**THE PARTIES**

3.      At all material times, MACIEL was/is a resident of the County of Los Angeles, in the State of California.  From approximately 2015 to July 2021, MAC employed MACIEL. MACIEL worked at MAC in San Francisco, California and his final MAC location was in Los Angeles, California. Plaintiff bring this action on behalf of himself and all others similarly situated persons and in a representative capacity under California Business and Professions Code sections 17200, *et seq.* and the Labor Code.

4.      At all material times, MAC conducted business in San Francisco County, Los Angeles County and throughout the State of California.

5.      At all material times, TORRES is a resident of the State of California.  From approximately 2016 to 2020, MAC employed TORRES as a makeup artist. Plaintiff brings this action on behalf of herself and all others similarly situated persons under California Business and Professions Code sections 17200, *et seq.* and the Labor Code.

6.      The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of defendants DOES 1–50, inclusive, are unknown to Plaintiffs who sue these defendants by such fictitious names. (Cal. Code Civ. Proc. § 474.) Plaintiffs will either seek leave to amend this complaint or file a DOE statement to allege the true names and capacities of DOES 1–50, inclusive, when the same are ascertained. The DOE defendants together and M.A.C. COSMETICS INC. are collectively referred to herein as "Defendants" or "MAC."

7.      Plaintiffs are informed and believe, and thereon allege that Defendants are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

8.      Plaintiffs are informed and believe, and thereon allege, that each of Defendants knowingly and willfully acted in concert, conspired together, and agreed among themselves to enter into a combination and systemized campaign of activity to cause the injuries and damages hereinafter alleged, and to otherwise consciously and or recklessly act in derogation of Plaintiffs' rights, and the trust reposed by Plaintiffs in each of said Defendants, said acts being negligently and or intentionally inflicted. Said conspiracy, and Defendants' concerted actions, were such that, to Plaintiffs' information and belief, and to all appearances, Defendants represented a unified body so that the actions of one defendant was accomplished in concert with, and with knowledge, ratification, authorization, and approval of each and every other defendant.

9.      Plaintiffs are informed and believe, and thereon allege, that each defendant in this complaint, is, and at all times mentioned was, the agent, servant, alter ego, and or joint employer along with each of the other defendants, and each defendant acted within the course or scope of his, her, or its authority as the agent, servant, and or employee of each other defendant. Consequently, each and every defendant is jointly and severally liable to Plaintiffs and Class Members for the damages incurred as a proximate result of each defendant's conduct.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this action under the California Constitution, Article VI, section 10, which grants the Superior Court, "Original Jurisdiction in all causes except those given by statute to other courts." The statutes under which Plaintiffs bring this action do not specify any other basis for jurisdiction.

11.      This Court has jurisdiction over all defendants because upon information and belief, each is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself to the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

SECOND AMENDED COMPLAINT

12.     Venue as to each defendant is proper in this judicial district under California Code of Civil Procedure sections 395(a) and 395.5 because Plaintiff was employed by Defendant in the County of San Francisco. Defendants own, maintain offices, transact business, have an agent or agents within the County of San Francisco or Defendants have transacted business within the County.

## INTRODUCTION

13.     MAC is a Canadian cosmetics manufacturer founded in Toronto in 1984 by Frank Toskan and Frank Angelo.  In 1996, MAC became a subsidiary of the Estée Lauder Companies and is now headquartered in New York[1]. MAC is an acronym for "Makeup Art Cosmetics," whose product line was originally intended for makeup artists only but is now sold to consumers around the world. Professional makeup artists operate MAC stores.

14.     MAC Cosmetics is one of the top three global makeup brands, with an annual turnover of over $1 billion, and 500 stores.[2]

15.     On its own website[3], MAC represents:

a) "M•A•C is the world's leading professional makeup authority because of our unrivaled expertise in the makeup ARTISTRY;"

b) "M•A•C is a proud COMMUNITY of professional makeup artists working together to bring our vision to life;" and

c) "M•A•C  is at the forefront of fashion TRENDSETTING, collaborating with leading talents from fashion, art, and pop culture.  Our Artists create trends backstage at fashion weeks around the world."

//

//

---

[1] _"Estee Lauder Buys Remaining MAC Equity"_. Los Angeles Times. 1998-02-28. _ISSN 0458-3035_. Retrieved 2019-05-23.
[2] https://www.forbes.com/companies/mac-cosmetics/?sh=1b2ae6747806
[3] https://www.maccosmetics.com/our-story

SECOND AMENDED COMPLAINT

1

**FACTUAL ALLEGATIONS**

2      16.     In or about 2015, MAC hired MACIEL as a non-exempt, part-time employee in Salinas,

3  California.  Over the course of the next several years, MACIEL was promoted until he was hired as a

4  full-time manager at the MAC store located in Glendale, California.  TORRES was a make-up artist for

5  the duration of her employment with MAC.

6      17.     At all material times, MAC requires its employees to implement a fashion forward

7  "image" to represent the MAC brand to consumers and the general public.  From the time a prospective

8  employee of MAC engages in the onboarding process through the time of separation (whether through

9  resignation or termination), MAC employees are informed and consistently reminded by corporate

10  management and regional/district managers to abide by the MAC "image" standards or be subject to

11  reprimand/termination.

12      18.     More specifically, MAC employees are instructed and required to adhere to the required

13  MAC "dress code" or "image", which means (1) wearing specific clothing of distinct design and color

14  to both match MAC's fashion forward "image" and to represent the MAC brand, and (2) wearing

15  makeup of distinctive design and color that also matches the MAC brand and is specific to MAC's

16  promotional events.

17      19.     The clothing MAC requires its employees to wear is of distinctive design and color and

18  that is not usual or common within the employees' occupation.

19      20.     MAC also requires its employees to wear makeup that meets the MAC "image," which

20  is also required at MAC promotional events.  MAC promotional events can occur, on average, every 2-

21  4 to weeks, serving to generally promote a new product or product line of new makeup products.  Each

22  of these different make-up products or product lines have a specific look and color combination that

23  would promote the MAC brand.  In order to adhere to MAC's appearance policies and expectations

24  MAC employees must purchase some of the promotional products with their own money or use their

25  own makeup products (from their personal collection) to match MAC's appearance expectations and to

26  be consistent in image with MAC's promotional campaign expectations.

27  //

28

21.     MAC requires its employees to abide by the MAC image for its employees to wear clothing and makeup, described above, necessary to meet MAC's expectations and the demands of MAC representations and warranties to its consumers and the general public as the world's leading professional makeup authority and frontrunner of fashion trendsetting.

22.     MAC has a policy and practice of not reimbursing its employees for expenses incurred as a result of being forced to purchase the clothing and makeup items, described above, necessary to meet MAC's appearance expectations. MAC employees would be subject to reprimand and/or termination for not conforming to the MAC image expectations.

23.     Though Plaintiffs have incurred necessary business expenses in purchasing clothing and makeup to meet MAC's expectations and at the direction of MAC and to benefit MAC's business, MAC has never reimbursed Plaintiffs or any other similarly situated employees, in any way for these necessary business expenses.

24.     MAC, at all material times, has had, and continues to have, a policy and practice of not reimbursing current and former employees, including Plaintiffs, and those similarly situated, for clothing and makeup reasonable and necessary to conforming to MAC image demands and expectations.

25.     In addition to the MAC image, Plaintiffs were required to have their makeup and hair perfected to MAC standards prior to clocking in for work.  At a minimum, perfecting hair and makeup to MAC standards would take Plaintiffs and Class Members 30 minutes, but could take up to one (1) hour.  MAC failed to pay Plaintiffs and Class Members for the time spent meeting the MAC standards for hair and makeup prior to clocking into work, which occurred for every shift.

26.     Plaintiffs and Class Members non-discretionary bonuses/commissions were not calculated into the regular rate of pay.

27.     Plaintiff and Class Members' wage statements are inaccurate because they do not include the correct regular rate and Plaintiff and Class Members were not given the option to receive paper wage statements.

28.     Further, MAC requires that a manager/keyholder who is an exempt employee must

SECOND AMENDED COMPLAINT

be in the store at all times. This employee is referred to as the Manger On Duty ("MOD" or "Keyholder"). Due to staffing levels, there are not always two MOD's in the store. When the MOD/Keyholder on duty is entitled to a rest break and/or meal period he/she is not relieved of all duties to take the rest break and meal period at the times required by law because he/she is the only MOD/Keyholder on duty and cannot leave the store unattended. Furthermore, the MOD/Keyholder's have been required to clock out for meal periods but remain in the store as the MOD/Keyholder. Thus, the MOD/Keyholder is not only being denied a meal period but is working off the clock by having to clock out but remain on-duty in the store. When these denied meal and rest periods occur, the employees are not provided with the requisite one hour of premium pay under California law for denied meal and rest breaks.

## **CLASS ALLEGATIONS**

29.     Plaintiffs bring this class action under the provisions of California Code of Civil Procedure section 382, and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure, which the California Supreme Court has adopted for use by the trial courts of this State. Plaintiffs bring this class action on behalf of themselves, and all other others similarly situated, with Plaintiffs proceeding as the representative member of the proposed classes defined as follows:

   All current and former employees of MAC located anywhere within the State of California, at
   any time from April 27, 2018 to the date of judgment.
   ("Plaintiffs Class")

 Plaintiffs also seeks certification of the following subclasses:

A. All current and former employees of Defendants, who incurred necessary expenditures or
   losses in direct consequence of the discharge of his or her duties performing work for
   Defendants, located anywhere within the state of California, at any time from April 27, 2018
   to the date of judgment.
       ("Reimbursement Subclass")

B. All current and former employees of Defendants, who were entitled to receive wage
   statements, located anywhere within the State of California, at any time from May 11, 2019 to
   the date of judgment.
       ("Wage Statement Subclass")

C. All current and former employees of Defendants, who received hourly pay while working for
   Defendants, located anywhere within the State of California, at any time from May 11, 2019
   to the date of judgment.
       ("Minimum and Overtime Wage Subclass")

D. All current and former employees of Defendants, who did not receive timely wages located anywhere within the State of California, at any time from May 11, 2019 to the date of judgment.
    ("Separation Subclass")

E. All current and former employees of Defendants within the State of California, who served as the Manager On Duty/Keyholder and remained in the store and on duty during meal periods because they were the only MOD in the store at any time from May 11, 2019 to the date of judgment.
    ("Meal and Rest Period Subclass")

F. All current and former employees of Defendants within the State of California, who served as the Manager On Duty and remained in the store and on duty during rest breaks because they were the only MOD in the store at any time from May 11, 2019 to the date of judgment.
    ("Rest Break Subclass")

(collectively hereinafter referred to as "Class Members")

30.    Plaintiffs reserve the right, under Rule 3.765 of the California Rules of Court, to amend or modify the Class Members description with greater specificity or further division into subclasses or limitation to particular issues. Plaintiffs, together with members of Plaintiffs Class and Reimbursement Subclass are collectively referred to as "Class Members."

31.    Plaintiffs brings this action, which may properly be maintained as a class action, under the provisions of California Code of Civil Procedure section 382, because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable as well as for the other reasons explained in this Complaint.

32.    The persons who comprise Class Members are so numerous that the joinder of all such persons would be unfeasible and impracticable. The membership of Class Members is unknown to Plaintiffs at this time; however, Class Members are estimated to total in the thousands of individuals, whose identities are readily ascertainable by inspecting Defendants' payroll records.

33.    Common questions of fact or law, which arise from Defendants' conduct as described in this Complaint and Defendants' continued practice of engaging in illegal payroll and wage and hour policies as to all members of Class Members exist. This action focuses on Defendants' systematic course of illegal payroll practices or policies, which Defendants applied to all Class Members in violation of the California Industrial Welfare Commission ("IWC") Wage Orders, the California Labor Code, and the California Business and Professions Code, which prohibits unfair business practices arising from

such violations.

34.     Further, these common questions of law or fact predominate over questions affecting only individual members, including (without limitation):

a.  whether Defendants had a practice and or policy of failing to reimburse and indemnify its California employees for necessary expenditures or losses incurred in direct consequence of the discharge of his or her duties;

b.  whether Defendants violated Labor Code Sec. 226(a) by failing to provide (i) written wage statements, and (ii) accurate wage statements;

c.  whether Defendants failed to pay minimum and overtimes wages;

whether Defendants paid all wages upon separation;

d.  whether Defendants failed to provide meal periods and rest breaks; and

e.  whether Defendants engaged in unfair business practices under California Business and Professions Code section 17200, *et seq.*

35.     Defendants' defenses, to the extent that any such defenses are alleged, are applicable generally to Class Members and are not distinguishable, to any degree relevant or necessary to defeat predominance in this case.

36.     Plaintiffs' claims are typical of the claims of the Class Members as a whole, all of whom have incurred or will incur damages, including irreparable harm, as a legal, proximate result of Defendants' common course of conduct as complained of in this Complaint. Plaintiffs' claims are typical of Class Members because Defendants used common policies and practices to subject Plaintiffs and Class Members to identical violations of the California Labor Code, and the California Business and Professions Code, which prohibits unfair business practices arising from such violations. Further, the duties and responsibilities of members of Class Members were similar and comparable with respect to the issues relevant to this litigation, and any variations in job activities between individual members of Class Members are legally insignificant to the issues presented by this action because the central facts remain, to wit, that (a) Plaintiffs and Class Members were improperly denied full reimbursement and indemnification from Defendants for necessary expenditures or losses in direct consequence of the discharge of his or her duties, (b) Defendants failed to provide both accurate and written wage statements to Plaintiffs and the Class Members, (c) Defendants failed to correctly and accurately calculate the

regular rate when Defendant excluded non-discretionary pay (i.e., bonuses, commissions and the like) from the regular rate resulting in a failure to pay all wages owed to Plaintiffs and the Class Members, (d) Defendants failed to accurately keep track of all "hours worked" (as defined by California law) when it failed to include "time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so (See, IWC Wage Order 7, Sec. 2(G)) and, as a result, failed to pay all wages owed to Plaintiffs and the Class Members, (e) Defendants willfully failed to timely pay all wages owed upon separation of employment (f) Defendants failed to provide meal periods and authorize and permit rest breaks to MOD/Keyholder non-exempt employees.

37.    Plaintiffs, on behalf of themselves and all others similarly situated, will fairly and adequately protect the interests of Class Members in connection with which they have retained attorneys skilled and experienced in handling these claims. Plaintiffs can fairly and adequately protect the interests of Class Members because it is in their best interests to prosecute the claims alleged herein to obtain full reimbursement and indemnification due to them for all necessary expenditures they have incurred and for full compensation for all services rendered and all hours worked. Plaintiffs neither have a conflict with Class Members nor are their interests antagonistic to those of Class Members.  Plaintiffs have retained counsel competent and experienced in class action litigation – and particularly litigation involving wage and hour issues such as those presented in this case.

38.    Under the facts and circumstances set forth above, a class action proceeding is superior to any other methods available for both fair and efficient adjudication of both Defendants' rights and the rights of each member of Class Members inasmuch as joinder of individual members of Class Members is not practical and, if the same were practical, said members of Class Members could not individually afford the litigation, such that individual litigation would be inappropriately burdensome, not only to said citizens, but also to the courts of the nation.

39.    To process individual cases would increase both the expenses and delay not only to Class Members, but also to Defendants and the Court. In contrast, class action litigation of this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including

SECOND AMENDED COMPLAINT

efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of each member of Class Members, all by way of the comprehensive and efficient supervision of the litigation by a single court.

40.    A community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties and adequate compensation for the damages and injuries which Defendants' actions have inflicted upon Plaintiffs and Class Members exists.

41.    A community of interest in ensuring Defendants' combined assets and available insurance are sufficient to adequately compensate members of Class Members for injuries sustained exists.

42.    Plaintiffs and Class Members are entitled to the monies Defendants have unlawfully withheld as restitution. This action is brought as a representative action under California's Unfair Competition Law for the benefit of the public. Any business that violates the California Labor Code by failing to pay all time worked, all wages earned and owed, failing to provide one hour of premium pay for denied meal periods and rest breaks, and failing to reimburse and indemnify its employees for necessary expenditures the employee incurs is, by definition, engaging in an unfair business practice, and all causes of action are subject to a four-year statute of limitation.

43.    Notice of the pendency and any result or resolution of the litigation can be provided to Class Members by the usual forms of publication, sending out to Class Members a notice at their current address, establishing a website where the members of Plaintiffs Classes can choose to opt-out, or other methods of notice the Court deems appropriate.

44.    Without class certification, the prosecution of separate actions by individual members of Plaintiffs Classes would create a risk of:  (1) inconsistent or varying adjudications with respect to Class Members that would establish incompatible standards of conduct for Defendants or (2) adjudications with respect to the individual members of the putative class that would, as a practical matter, create disparities of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

SECOND AMENDED COMPLAINT

**FIRST CAUSE OF ACTION**
**LABOR CODE §§ 2800,** *et seq.*
(Against Defendants)

45.     Plaintiffs and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint. Plaintiffs and Class Members allege this cause of action against Defendants.

46.     "An employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care." (Cal. Labor Code § 2800.)

47.     "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).

48.     "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).

49.     California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

50.     Defendants owe a duty to Plaintiffs and Class Members to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, MAC. Defendants continue to refuse to reimburse and indemnify Plaintiffs and Class Members for all necessary expenditures and losses incurred by them, including but not limited to, clothing and makeup.

51.     Plaintiffs and Class Members have incurred, and are continuing to incur, necessary expenditures and losses in direct consequence of the discharge of duties, or of obedience to MAC's directions as an employer, which at the time of obeying the directions, Plaintiffs and Class Members believed to be lawful.

52.    The acts and omissions herein violated California Labor Code section 2802(a). Plaintiffs and Class Members are entitled to attorney's fees under to California Labor Code section 2802(c).

53.    Plaintiffs seek reimbursement and indemnification for them and and Class Members for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or obedience to the directions of the defendants as an employer.

54.    During the relevant time period, Defendants intentionally and improperly failed to reimburse necessary expenditures Plaintiffs and Class Members incurred.

55.    Under the California Labor Code sections cited herein, Plaintiffs and Class Members are entitled to recover the necessary expenditures they incurred for the four years preceding the filing of their original Complaint, plus reasonable attorney's fees and costs under California Labor Code section 2802.

56.    By virtue of Defendants' unlawful failure to reimburse necessary expenditures Plaintiffs and Class Members incurred, Plaintiffs and Class Members have incurred damages in amounts presently unknown to Plaintiffs and Class Members.

57.    Plaintiffs are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known Plaintiffs and Class Members were not being reimbursed for all necessary business expenditures they incurred.

58.    As a direct and legal (proximate) result of Defendants' violation of the California Labor Code, Plaintiffs and Class Members have been damaged. Under California Labor Code section 2802, Plaintiffs and Class Members are entitled to, and request reimbursement of all necessary expenditures they incurred, interest, penalties, reasonable attorney's fees, and costs, incurred in this action in an amount to be proven at or following trial of this matter.

## SECOND CAUSE OF ACTION
### Violation of Labor Code section 226(a) – Improper Wage Statements
*(Against Defendants)*

59.    Plaintiffs and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

60.     Plaintiffs and Class Members allege this cause of action against Defendant and Plaintiffs seek to represent themselves and Class Members for the period of May 11, 2019 to the present date.

61.     Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

62.     Labor Code section 226(e) provides that an employee "suffering injury as a result of a knowingly and intentional failure by an employer" can result in damages of $50 for the initial pay period and $100 per employee for each subsequent violation, not to exceed $4,000.   Plaintiffs, on information and belief and based thereon, allege that Plaintiffs and the other Class Members knowingly and intentionally failed to provide accurate and written wage statements, required pursuant to Labor Code section 226(a).

63.     Defendants also knowingly and intentionally violated California Labor Code section 226, which requires wage statements to accurately list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Defendants has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiffs and all other similarly situated employees, and such violations flow from Defendants' illegal policies and practices, including implementation and

SECOND AMENDED COMPLAINT

enforcement by Defendants, resulting in the violations and damages alleged and herein. More specifically, the miscalculation of the regular rate by excluding non-discretionary pay such as bonuses and commissions resulted in an inaccurate regular rate calculation shown on the wage statements. Additionally, Defendants failed to provide Plaintiff and Class Members with the option to receive paper wage statements. Defendants' knowing and intentional conduct in failing to provide Plaintiffs and all similarly situated employees with accurate and written wage statements have caused Plaintiffs and all similarly situated employees to suffer injury in fact by depriving them of accurate wage records and access to their wage records as required by law. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiffs and all other similarly situated employees have been, would have been, and are compelled to conduct discovery to find their wage statements and then investigate the statements for both accuracy and to determine if accurate information is located on their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements – which Defendants failed to provide to them in writing. Given the violations addressed above and the resulting inaccuracies in the wage statements provided by Defendants to Plaintiffs and all other similarly situated employees, Defendants have made it very difficult, to determine from the wage statements themselves such important items of information as the appropriate pay rate applicable to their hours worked, or whether all hours worked are accounted for in the wage statements. Defendants' Labor Code section 226 violations further injured employees by rendering them unaware of the full compensation to which there were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders, and Defendants' employees have been accordingly rendered unaware of the violations and how to re-calculate such compensation. Pursuant to California Labor Code §226(c), Plaintiffs issued a written request to copy, inspect, and/or receive copies of Plaintiffs employment file, including, but not limited to all documents supporting employment with Defendants, however Defendants intentionally failed to respond to the request.

      64.     Plaintiffs and all other similarly situated employees are also entitled to injunctive relief under California Labor Code §226(h), compelling Defendants s to comply with California Labor Code §226. Plaintiffs, on information and belief and based upon such basis, allege that Plaintiffs and all other

SECOND AMENDED COMPLAINT

similarly situated employees are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Labor Code Section 226(a) or fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods or an aggregate penalty not exceeding $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

**THIRD CAUSE OF ACTION**
**Violation of Labor Code sections 510, 1194, 1198**
**Minimum Wage, Overtime and Double Time**
*(Against Defendants)*

65.    Plaintiffs and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

66.    Plaintiffs and Class Members allege this cause of action against Defendant and Plaintiffs seek to represent themselves and Class Members for the period of May 11, 2019 to the present date.

67.    At all times herein set forth, California Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

68.    California Labor Code § 1194 and the applicable IWC Wage Order provide that any person not paid the legal rate. Plaintiffs and Class Members were not paid for all wages owed according to California statutes and regulations, including the minimum wage rate, while working for Defendants.

69.    At all times herein set forth, California Labor Code section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter "IWC").   Defendants are and were required to pay Plaintiffs and Class Members all wages owed and earned, including the minimum wage, overtime compensation, and double time.

70.    At all times herein set forth, IWC Wage Order section 4-2001(3)(A), which is applicable to Plaintiffs and all other similarly situated employees employed by Defendants, has provided that employees working for more than eight (8) hours in one (1) day, and/or more than forty (40) hours in one (1) workweek, are entitled to payment at the rate of one-and-one-half (1 ½) his or her regular rate of pay for all hours worked in excess of eight (8) hours in one (1) day or more than forty (40) hours in

SECOND AMENDED COMPLAINT

one (1) work week. An employee who works more than twelve (12) hours in one (1) day is entitled to overtime compensation at a rate of twice his or her regular rate of pay. During this liability period, Plaintiffs and other similarly situated employees Plaintiffs received commissions as well as an hourly rate.

71.    Plaintiffs and all similarly situated persons worked in excess of forty (40) hours per workweek for each workweek while employed by Defendants throughout the course of employment with Defendants, subject to any workweeks wherein Plaintiffs and class members missed workdays as a result of sick days, personal emergencies, or anything else that would otherwise interfere with workweek schedules. Defendants required Plaintiffs and the class to work but did not pay Plaintiffs and the class for all "hours worked" as defined in IWC Wage Order 7 in any of the given workweeks herein mentioned. Defendants failed to accurately and correctly compensate Plaintiffs and all similarly situated persons for work performed in excess of eight (8) hours a day or forty (40) hours per workweek while employed by Defendants, which occurred throughout Plaintiffs and all similarly situated persons course of employment with Defendants.

72.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half (1 ½) the regular hourly rate for hours worked in excess of eight (8) hours in one (1) day or forty (40) hours in one (1) week or for the first eight (8) hours worked on the seventh day of work, and at twice the regular hourly rate for hours worked in excess of twelve (12) hours in one (1) day or in excess of eight (8) hours on the seventh day of work.

73.    During the relevant time period, Defendants failed to pay all premium overtime wages due to miscalculation in failing to properly incorporate non-discretionary wage pay, including bonuses/commission payments and meal/rest period wages owed pursuant to Labor Code 226.7, into the regular rate of pay when calculating overtime, which directly led to Defendants undercompensating Plaintiffs and all other similarly situated employees for overtime hours worked and meal/rest break wages owed. Additionally, on information and belief, these wages were not always paid to Plaintiffs and other similarly situated employees when earned or when due, thereby making Defendants liable for

SECOND AMENDED COMPLAINT

failing to timely pay wages (or at times at all) and to properly incorporate these wages payments into the regular rate of pay when calculating overtime compensation and meal/rest wages.

74. This failure to properly calculate the regular rate led directly to Defendants undercompensating Plaintiffs and other similarly situated employees for overtime hours worked and meal/rest break pay. The same miscalculation of the regular rate, by either not properly computing the overtime rate based on failing to incorporate the non-discretionary wage pay, such as bonus/commission payments, into the regular rate of pay or delaying payment of non-discretionary wages to Plaintiffs and all other similarly situated employees resulted in Plaintiffs and all other similarly situated employees from being undercompensated for worked performed in excess of twelve (12) hours at the double-time rate.

75. Further, when Plaintiffs and the Class Members were required to remain in the store for meal periods as the only MOD/Keyholder in the store, Plaintiffs and the Class Members were required to clock out for their in store on duty meal periods. Thereby, depriving Plaintiffs and the Class Members compensation for all hours worked.

76. Defendants' failure to pay Plaintiffs and all other similarly situated employees the unpaid balance of premium overtime compensation, and rest/meal wages correctly calculated, as required by California state law, violates the provisions of Labor Code section 510, 226.7 and 1198 and is therefore unlawful.

77. Pursuant to Labor Code section 558, Plaintiffs and all other similarly situated employees are entitled to fifty dollars ($50.00) for each pay period for which the employee was underpaid.

78. This is in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100.00) for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

**FOURTH CAUSE OF ACTION**
**Violation of Labor Code sections 201-203 – Wages Not Paid Upon Separation**
*(Against Defendants)*

SECOND AMENDED COMPLAINT

79. Plaintiffs and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

80. Plaintiffs and Class Members allege this cause of action against Defendant and Plaintiffs seek to represent themselves and Class Members for the period of May 11, 2019 to the present date.

81. At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

82. At all times herein set forth, Labor Code sections 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  During the relevant time period, Defendants failed to pay Plaintiffs and all other similarly situated employees, who are no longer employed by Defendants, all their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

83. Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation from employment.  Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed thirty (30) days of wages.  Plaintiffs and all other similarly situated employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid overtime compensation and wage payments for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling them to such earned and unpaid wages.

84. Defendants' willful failure to pay Plaintiffs and all other similarly situated employees, who are no longer employed by Defendants, all wages earned at the time of their discharge, or within

SECOND AMENDED COMPLAINT

seventy-two (72) hours of their leaving Defendants' employ, is in violation of Labor Code sections 201-203.

85.    Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.  Plaintiffs and all other similarly situated employees, who are no longer employed by Defendants, are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to Labor Code section 203.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF REST BREAK LAWS**

(Against Defendants)

86.    Plaintiffs incorporate by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 84 of this Complaint.

87.    At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code. Labor Code section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

88.    IWC Order No. 4-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Plaintiffs allege that Defendants required an MOD/Keyholder to be in the store at all times causing Plaintiffs and the Class Members to be denied rest breaks and did not provide Plaintiffs and Class Members proper premium wages for these missed/shortened/interrupted rest breaks.

Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that do not pay the proper premium wages for missed/shortened/interrupted rest breaks. Wage orders required that Plaintiffs and Class Members be compensated for the rest periods for which Defendants required Plaintiffs and Class Members to work. Defendants did not provide Plaintiffs and Class Members with a rest break(s) during each workweek throughout the course of employment with Defendants. Defendants failed to compensate Plaintiffs and the Class Members with premium wages for these rest periods worked on any given day or in any given workweek.

89.    "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and *compliance cannot be determined by averaging hourly compensation*." (*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 872 (emphasis added); *see also Sheppard v. North Orange County Regional Occupational Program* (2010) 191 Cal.App.4th 289, 297 n.5 ("Compliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; *averaging hourly compensation is not permitted under California law*.") (emphasis added).) "[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ...." (*Cal. Lab. Code* § 1194(a).) "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry." (*Brinker*, 53 Cal.4th at 1033; *see also Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 236 ("An employer has a duty to authorize and permit rest breaks.").) "No employer shall require any employee to work during any ... rest period mandated by an applicable order of the Industrial Welfare Commission." (*Cal. Labor Code* § 226.7(a).) "Under Industrial Welfare Commission wage orders, employers are required to 'authorize and permit all employees to take rest periods' at the rate of at least 10 minutes for every four hours worked." (*Bluford*, 216 Cal.App.4th at 871 (*quoting* 8 C.C.R. § 11070,

SECOND AMENDED COMPLAINT

§ 12); *see also Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 (Employees are entitled to "a paid 10–minute rest period per four hours of work.").) "Rest periods are considered hours worked and must be compensated." (*Id.* at 872.). Also see, *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7. *Ferra v. Loews Hollywood Hotel, LLC* S259172 (Cal. Sup. Ct., July 15, 2021).

90.     Defendants' conduct, as alleged herein, violates Labor Code section 226.7(a), which authorizes that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

91.     Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiffs and the other Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a rest period was not authorized and permitted/shortened/interrupted, for a three-year statutory period dating back from the date of the commencement of this action.

92.     Plaintiffs and Class Members were systematically not paid or underpaid premium wages for rest break violations. Plaintiffs and Class Members were not compensated with one hour of premium wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands.  By failing to authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by Class Members, and by failing to provide proper compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

**SIXTH CAUSE OF ACTION**

**IMPROPER MEAL PERIODS**

(Against Defendants)

93.     Plaintiffs incorporate by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 91 of this Complaint.

94.     At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

SECOND AMENDED COMPLAINT

95.     At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

96.     At all times herein, Labor Code section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

97.     The language of IWC Order No. 4-2001 § 11(B) relating to meal periods tracks the language of the California Labor Code.

98.     During the relevant time period, Plaintiff and Class Members, who were scheduled to work in excess of five (5) hours, but not longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work in excess of five (5) hours without receiving a meal period of not less than thirty (30) minutes.

99.     During the relevant time period, Plaintiff and Class Members, who were scheduled to work for a period of time in excess of six (6) hours, were required to work in excess of five (5) hours, without receiving a meal period of not less than thirty (30) minutes. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

100.    Upon information and belief, during the relevant time frame, Defendants maintained and enforced a policy where non-exempt employees who served in the role of Manager on Duty/Keyholder were required to remain in the store and on duty for meal periods when they were the only Manager on Duty/Keyholder in the store. When Plaintiff and Class Members served as the MOD/Keyholder they were denied meal periods as required by law. Plaintiff and Class Members were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.

SECOND AMENDED COMPLAINT

101.    Upon information and belief, during the relevant time frame, Plaintiffs and Class Members did not receive uninterrupted meal periods; in addition, Defendant's work demands and pressure from Defendant's management, with specific knowledge and/or at the instruction of Defendant, as a result of an implemented policy, regularly required Plaintiffs and Class Members to remain in the store and work through meal periods without receiving a premium payment.

102.    Pursuant to Labor Code section 226.7(b) and Industrial Welfare Commission Wage Order 4-2001, section 11(B), Plaintiff and all other similarly situated employees are entitled to recover from Defendant one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a meal period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

### SEVENTH CAUSE OF ACTION
### FOR UNFAIR COMPETITION
(Against All Defendants)

103.    Plaintiffs and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

104.    By and through the conduct described above, Defendants have deprived Plaintiffs and Class Members of their right to be compensated, reimbursed, and indemnified necessary expenditures they incurred under California Labor Code sections 226, 226.7, 510, 512, 1194, 1198, 201-203, 2800, *et seq*. and 2802.

105.    By and through their unfair, unlawful, and or fraudulent business practices described herein, Defendants have obtained valuable property, money, and services from Plaintiffs and Plaintiffs Class, and have deprived them of valuable rights and benefits guaranteed by law, all to Plaintiffs and Class Members' detriment. The loss Plaintiffs and Class Members have incurred is a direct result of Defendants' failure to follow California statutes and regulations as alleged herein. Plaintiffs and Class Members are seeking restitution for the losses incurred by Defendants' conduct.

106.    All of Defendants' acts described herein as violations of, among other things, the California Labor Code and IWC Wage Order 7, are unlawful and violate public policy; and are immoral,

unethical, oppressive, fraudulent, and unscrupulous, and thereby constitute unfair, unlawful, and or fraudulent business practices in violation of California Business and Professions Code section 17200, *et seq.*

107.    Plaintiffs and Class Members are entitled to and do seek such relief as may be necessary to obtain restitution which Defendants have acquired, or of which Plaintiffs and Class Members have been deprived, by means of the above-described unfair, unlawful, and or fraudulent business practices. Therefore, Plaintiffs and Plaintiffs Class request that Defendants pay them restitution owed as a result of Defendants' failure to reimburse necessary business expenditures incurred.  Plaintiffs and Class Members also request an order that Defendants identify, locate, and make restitution to affected members of the general public all funds and the value of all things or property acquired by the acts of unfair competition and deceptive practices set forth above, and all additional orders necessary to accomplish this purpose, under California Business and Professions Code section 17203.

108.    Plaintiffs and Class Members are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful, and or fraudulent.

109.    Plaintiffs and Class Members also request an order for distribution of any monies recovered on behalf of the general public, or members of the class, via fluid recovery or cy pres recovery where necessary to prevent Defendants from retaining the benefits of its wrongful conduct as provided in *California v. Levi Strauss & Co.* (1986) 41 Cal.3d 460, and *People v. Thomas Shelton Powers, M.D. Inc.* (1992) 2 Cal.App.4th 330.

110.    Plaintiffs and Class Members seek to recover attorney fees and costs under California law.

//

SECOND AMENDED COMPLAINT

1

## **PRAYER FOR RELIEF**

2

Plaintiffs pray for relief and judgment against Defendants, jointly and severally as follows:

3

       1.    For an order certifying the proposed class and sub-classes;

4

       2.    For an order appointing Plaintiffs as representatives of the Class and sub-classes;

5

       3.    For an order appointing counsel for Plaintiffs as counsel for Plaintiffs Class and sub-

6

classes;

7

       4.    For compensatory, consequential, general, special and statutory damages according to

8

proof;

9

       5.    For restitution of all monies due to Plaintiffs and Class Members arising from

10

Defendants' unlawful, unfair, and or fraudulent business practices;

11

       6.    For injunctive relief necessary and appropriate to modify Defendants' conduct in

12

accordance with the requirements of California law;

13

       7.    For interest accrued to date;

14

       8.    For costs of suit, expenses, and attorney fees allowed by law;

15

       9.    For all such other and further relief the Court may deem just and proper.

16

17

## **DEMAND FOR JURY TRIAL**

18

Plaintiffs IGNACIO MACIEL and RUTH TORRES on behalf of themselves and all others

19

similarly situated, hereby demand a jury trial.

20

21

22

Dated: January 11, 2024                **NATHAN & ASSOCIATES, APC**

23

24

By:  /s/ Reuben D. Nathan

25

       Attorney for Plaintiffs
       IGNACIO MACIEL and

26

       RUTH TORRES

27

28

SECOND AMENDED COMPLAINT