MATTHEW RIGHETTI (SBN: 121012)
matt@righettilaw.com
JOHN GLUGOSKI (SBN: 191551)
jglugoski@righettilaw.com
**RIGHETTI GLUGOSKI, P.C.**
2001 Union Street, Suite 400
San Francisco, CA 94123
Telephone: (415) 983-0900

Reuben D. Nathan, Esq. (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, California 92663
TEL:   (949) 270-2798

Interim Co-Lead Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IGNACIO MACIEL, RUTH TORRES, on behalf of themselves and all other similarly situated persons,<br><br>                    Plaintiffs,<br><br>       vs.<br><br>M.A.C. COSMETICS INC., a New York corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 3:23-cv-03718-AMO<br><br>[Assigned to Hon. Judge Araceli Martinez-Olguin]<br><br>**EX PARTE APPLICATION TO SUSPEND QUARTERLY COMMON BENEFIT WORK SUBMISSIONS** |

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 6(c)(1)(C) and Local Rule and 7-10, Plaintiffs IGNACIO MACIEL and RUTH TORRES ("Plaintiffs") hereby apply ex parte for an order from this Court suspending the quarterly time and costs submissions required pursuant to this Court's Common Benefit Order—Timekeeping and Expenses Protocol (ECF 62) pending this Court's ruling on the Motion for Preliminary Approval (ECF 63).

The application is based on this application, the supporting memorandum of points and authorities, and the supporting Declaration of John Glugoski.

Plaintiffs' counsel met and conferred today with Defendant's counsel concerning this application. Defendant's counsel stated that Defendant will not oppose this application. Declaration of John Glugoski ¶ 2, Ex. A-B.

Good cause exists to grant this Application for the following reasons set forth in detail in Plaintiffs' Memorandum of Points and Authorities.

Dated: February 10, 2025                                   NATHAN & ASSOCIATES, APC

                                                           By /s/ Reuben D. Nathan
                                                              Reuben D. Nathan
                                                              Attorney for Plaintiffs
                                                              IGNACIO MACIEL and
                                                              RUTH TORRES

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs hereby move ex parte, pursuant to Federal Rule of Civil Procedure 6(c)(1)(C) and Local Rule and 7-10, and the Court's inherent power to manage its docket, for an application suspending the quarterly time and costs submissions to the Court (ECF 62).

## A. IN LIGHT OF THE *MACIEL* CLASS ACTION SETTLEMENT, THE QUARTERLY SUBMISSIONS (ECF 62) ARE NOT NECESSARY AND SHOULD BE SUSPENDED TO PRESERVE JUDICIAL EFFICIENCY AND ECONOMY.

On October 15, 2024, the Court appointed Righetti Glugoski, P.C. and Nathan and Associates, APC as Interim Co-Lead Counsel. See Dkt. No. 56. On October 15, 2024, the Court directed Interim Co-Lead Counsel to propose a Timekeeping Protocol concerning the management, exchange, and submission of Plaintiffs' counsel's time and expenses in this litigation. Dkt. No. 56. Declaration of John Glugoski in Support of Ex Parte Application ("Glugoski Decl.") ¶ 3.

On October 31, 2024, the Court adopted the Proposed Common Benefit Order (ECF 62) to govern all common benefit work and expenses in this action. Under the Court's protocol, the Court would review on a quarterly basis the propriety of the time and costs submitted by all plaintiffs' counsel and approved by Lead Counsel in accordance with the standards and procedures set forth in the Common Benefit Order. The first submission is due on February 15, 2025. Glugoski Decl. ¶ 4.

Under the *Common Benefit Work* Order (Dkt 62), Lead Counsel is required to give progress reports in the form of quarterly time and expense submissions detailing the work performed by all Plaintiffs' counsel -- and approved by Interim Co-Lead Counsel -- in the related Maciel and Byrd cases. Declaration of John Glugoski in Support of Ex Parte Application ("Glugoski Decl.") ¶ 5.

However, soon after the Court issued the, Common Benefit Work Order, Interim Co-Lead Counsel reached a proposed class action settlement and executed the Class and PAGA Settlement Agreement in the *Ignacio Maciel, et al. v. M.A.C. Cosmetics Inc.,* Case No.: 3:23-cv-03718-AMO matter ("*Maciel*") pending before this Court. Interim Co-Lead Counsel filed a motion for preliminary approval of class and PAGA settlement in *Maciel* on January 16, 2025 – setting the motion for hearing on June 5, 2025 (which was the earliest available hearing date consistent with the Court's Scheduling Notes). (ECF

63). Glugoski Decl. ¶ 6.

Since the case settled around the time the Court's *Common Benefit Work* Order was issued, there has been no assigning of work to *Byrd* counsel, no request by *Byrd* to perform work nor any time and/or expenses submitted by *Byrd's* counsel to Lead Counsel for review/consideration. Thus, there is nothing for this Court to oversee at this time concerning work performed by various "Participating Counsel" as set forth in the *Common Benefit Work* Order. Glugoski Decl. ¶ 7.

On February 10, 2025, Plaintiffs filed a Notice of Motion and Motion Under Civil L.R. 6-3 for either: (1) an order advancing the hearing date on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("MPA" ECF No. 63) to a date in February, 2025, or (2) an order resolving the MPA as an uncontested matter. Under FRCP Rule 23, as part of the Motion for Final Approval of Class Action Settlement, Plaintiffs' counsel will submit for the Court's review a lodestar report showing time, hourly rates, and nature of work in support of their fee request. Glugoski Decl. ¶ 8.

The quarterly submissions contemplated by the *Common Benefit Work* Order are duplicative of the detailed information Plaintiffs' Counsel will be submitting as part of the class action settlement approval process. Since the case has settled, no further litigation work, outside of the FRCP Rule 23 Final Approval Motion, is anticipated in the *Maciel* case. Thus, these quarterly submissions, starting with the February 15, 2025 submission, are unnecessary. Glugoski Decl. ¶ 9.

In the interest of efficiency and judicial economy, Plaintiffs request an order suspending quarterly time and cost submissions to the Court (ECF 62).

For the foregoing reasons and based on good cause, Plaintiffs respectfully request that the Court grant this ex parte suspending the quarterly time and costs submissions pending the resolution of the FRCP Rule 23 class action settlement procedures.

//

//

Dated: February 10, 2025                    NATHAN & ASSOCIATES, APC

                                            By /s/ Reuben D. Nathan
                                                Reuben D. Nathan
                                                Attorney for Plaintiffs
                                                IGNACIO MACIEL and
                                                RUTH TORRES