UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO MACIEL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>M.A.C. COSMETICS INC.,<br><br>    Defendant. | Case No. 23-cv-03718-AMO<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Re: Dkt. Nos. 81 |

Before the Court is Plaintiff Ignacio Maciel's and Ruth Torres's motion for final approval of class action and Private Attorney's General Act ("PAGA") settlement. The motion was heard before this Court on January 15, 2026. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion and **ORDERS** as follows:

1. The Court adopts all defined terms as set forth in the Parties' Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Matthew Righetti in Support of Plaintiffs' Motion for Preliminary Approval (Dkt. No. 63-1).

2. The Court has jurisdiction over the subject matter of this litigation, the Class Representative, Defendant, and the Class Members. The Court hereby grants the Motion for Final Approval, approves the terms of the settlement outlined in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, and reasonable and in the best interests of the Class and each Class Member, based on the following factors:

    a. The strength of Plaintiffs' case in relation to the amount offered in settlement;

    b. The risk, expense, complexity, and likely duration of further litigation;

      c.      The risk of maintaining class action status throughout the trial;

      d.      The extent of discovery completed and the stage of the proceedings;

      e.      The experience and views of counsel;

      f.      The reaction of the class members to the proposed settlement; and

      g.      The fact that the settlement was reached after extensive arm's length negotiation conducted in good faith by the parties with the assistance of an experienced mediator.

3. As previously ruled in the Court's Order Granting Preliminary Approval (Dkt. No. 77), the Class, for settlement purposes only, satisfies the requirements for a Rule 23 settlement class, and is defined as follows:

> All persons currently or previously employed by M.A.C. in California as an hourly paid, non-exempt employee, at any time from April 27, 2018, to the date of the Court's order preliminarily approving this Settlement (July 24, 2025) (referred to herein as "Class Members," "California Class," or "Settlement Class")

4. The Court finds that the form and manner of distribution of the Notice of Class Action Settlement, Claim Form, and Exclusion Form (collectively "Notice Packet") was implemented in accordance with this Court's Order Granting Preliminary Approval and the terms of the Settlement Agreement, and constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of Federal Rules of Civil Procedure, Rule 23(d), as well as due process under all applicable laws.

5. The Court acknowledges that no Class Members objected to the settlement.

6. The Court acknowledges that three Class Members opted out of the settlement.

7. By this Order of Final Approval and Judgment, the Class Representatives shall be released, relinquished, and discharged, and the members of the Class shall be deemed to have fully released their Released Claims, as set forth in the Settlement Agreement.

8. The Court hereby directs the parties to effectuate the settlement according to the terms set forth in the Settlement Agreement; this Order; and the Court's order awarding attorney's fees, expenses, and service awards.

9. Pursuant to Federal Rule of Civil Procedure 54(a) and (b), the Court hereby enters a judgment based on the terms set forth above in the Settlement Agreement and reserves exclusive and continuing jurisdiction over the litigation, the Class Representative and the members of the Class, and Defendant for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Order of Final Approval and Judgment.

10. Within twenty (21) days after the Settlement Funds have been fully distributed to Settlement Class Members (i.e., all checks issued have either expired or been deposited), Lead Counsel will file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements, to inform the Court about the administration of the Settlement. The Post-Distribution Accounting will include the information required by the Northern District's Procedural Guidance for Class Action Settlements, including, as relevant, the following information: (i) when payments were made to Settlement Class Members; (ii) the number of Settlement Class Members who were sent payments; (iii) the total amount of money paid to Settlement Class Members; (iv) the average and median recovery per Settlement Class Member; (v) the largest and smallest amounts paid to Settlement Class Members; (vi) the number and value of cashed and uncashed checks; (vii) the number of Settlement Class Members who could not be contacted; (viii) the number of objections and opt outs; (ix) the amount to be distributed to each cy pres recipient; (x) any significant or recurring concerns communicated by Settlement Class Members to the Claims Administrator and Lead Counsel since final approval; (xi) any other settlement administration issues since final approval; and (xii) how any concerns or issues were resolved. Lead Counsel will cause the Claims Administrator to post the Post-Distribution Accounting on the Settlement website.

**IT IS SO ORDERED.**

Dated: January 16, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**